UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

STEVIE SMITH                                                                                    PLAINTIFF

V.                              CASE NO. 3:19-CV-373-BD

SOCIAL SECURITY ADMINISTRATION                                         DEFENDANT

## ORDER

### I.  Introduction:

On April 26, 2016, Stevie Smith applied for supplemental security income benefits. (Tr. at 31) On April 27, 2016, he applied for disability insurance benefits. *Id*. In both applications, he alleged disability beginning on March 4, 2015. *Id*. Mr. Smith's claims were denied initially and upon reconsideration. *Id*. After conducting a hearing, the Administrative Law Judge (ALJ) denied the applications. (Tr. at 54) Mr. Smith requested that the Appeals Council review the ALJ's decision, but that request was denied. (Tr. at 1) Therefore, the ALJ's decision stands as the final decision of the Commissioner. Mr. Smith filed this case seeking judicial review of the decision denying his benefits.

### II. The Commissioner's Decision:

The ALJ found that Mr. Smith had not engaged in substantial gainful activity since the alleged onset date of March 4, 2015. (Tr. at 34) At step two of the five-step analysis, the ALJ found that Mr. Smith had the following severe impairments: degenerative disc

1

disease of the cervical and lumbar spine, left shoulder osteoarthritis, arrhythmia, and depression. *Id*.

After finding that these impairments did not meet or equal any listed impairment (Tr. at 35), the ALJ determined that Mr. Smith had the residual functional capacity (RFC) to perform work at the light exertional level with limitations. (Tr. at 37) He could occasionally reach overhead bilaterally and occasionally use ramps and stairs. *Id*. He could occasionally balance, stoop, kneel, crouch, and crawl. *Id*. He could not use ladders ropes or scaffolds or be exposed to unprotected heights. *Id*. He could have no more than occasional exposure to moving mechanical parts or vibration, and could not operate a motor vehicle. *Id*. He was limited to simple, routine, and repetitive tasks and judgment involving simple, work-related decisions. *Id*.

Based on Mr. Smith's RFC and testimony from the Vocational Expert (VE), the ALJ determined that Mr. Smith was unable to perform any of his past relevant work. (Tr. at 52) The ALJ found at step five, based on Mr. Smith's age, education, work experience and RFC, that he was capable of performing work in the national economy as cashier, pricer, and office helper. (Tr. at 53). He could also perform the sedentary exertional level jobs or addresser, document prepare, and table worker. *Id.* Thus, the ALJ determined that Mr. Smith was not disabled. *Id.*

### III. <u>Discussion</u>:

    A.   Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and assure that the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (*citing Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). Stated another way, the decision must rest on enough evidence that "a reasonable mind would find it adequate to support [the] conclusion." *Halverson*, 600 F.3d at 929. The Court will not reverse the decision, however, solely because there is evidence to support a conclusion different from that reached by the Commissioner. *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006).

    B.   Mr. Smith's Arguments on Appeal

Mr. Smith maintains that the evidence supporting the ALJ's decision to deny benefits is less than substantial. He argues that the RFC did not incorporate all of his limitations and that the ALJ did not resolve an apparent conflict between the *Dictionary of Occupational Titles* (DOT) and the VE testimony at step five.

Mr. Smith complained of back, neck, shoulder, and leg pain.[1] Objective imaging tests revealed generally mild-to-moderate conditions, although he had positive straight-leg raises. (Tr. at 663, 686, 700-737, 802-816). Objective tests showing mild-to-moderate

---

[1] Mr. Smith's argument focuses on his back and neck pain, and the Court will likewise limit its discussion.

conditions do not support a finding of disability. *Masterson v. Barnhart*, 363 F.3d 731, 738-39 (8th Cir. 2004). He was treated conservatively and reported that medication helped, although it made him drowsy. (Tr.at 73-76, 602, 841) Physical therapy was recommended, but Mr. Smith only attended one session. (Tr. at 598, 1041) He did not follow his doctor's recommendation to see a chiropractor. (Tr. at 598-599) A failure to follow a recommended course of treatment weighs against a claimant's credibility. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005).

Mr. Smith had a few steroid injections. (Tr. at 972) Neurological exams were grossly normal. (Tr. at 598, 979) Treating doctors said that surgery was not indicated. *Id*. The nurse at the pain management clinic Mr. Smith went to said that his pain medication should be continued, as it improved his functioning, activities of daily living, and quality of life. (Tr. at 841)

Mr. Smith admitted he could prepare simple meals, shop for groceries, do light chores, drive, and walk for exercise. (Tr. at 49, 78-80, 366-368) Such daily activities undermine his claims of disability. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995). In fact, he told his doctor that he could walk a half-mile to a mile daily. (Tr. at 975) And in 2015, Mr. Smith took a 12-hour bus ride out of state, which compromised his back condition. (Tr. at 39, 504-511, 604-610)

The state agency reviewing doctors found that Mr. Smith would be capable of light work with postural limitations. (Tr. at 49-50) The ALJ gave those opinions

significant weight because they were consistent with the medical record as a whole. (Tr. at 50).

The ALJ gave little weight to the opinion of Dr. Rong Chen, M.D., who only saw Mr. Smith a few times. Dr. Chen said in a one-page medical source statement in March 2018 that Mr. Smith could not even perform sedentary work.[2] This short checkbox form, with no elaboration, was properly assigned little weight. *Anderson v. Astrue*, 696 F.3d 790, 794 (8th Cir. 2012)(a conclusory checkbox form has little evidentiary value when it cites to no medical evidence and provides little or no elaboration). Also, in August 2017, Dr. Chen noted that Mr. Smith was "pretty functional" (Tr. at 979) So the form was inconsistent even with Dr. Chen's own notes.

Mr. Smith argues that the RFC did not fully incorporate his limitations. A claimant's RFC represents the most he can do despite the combined effects of all of his credible limitations and must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). In determining a claimant's RFC, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant could perform in a work setting, after giving appropriate consideration to all of his impairments. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996). In this case,

---

[2] An undated, unsigned medical source statement, in checkbox form, was submitted to the Appeals Council after the date of the decision. (Tr. at 9-13). It also said Mr. Smith could not perform even sedentary work. This opinion, of unknown origin, does not undercut the ALJ's decision, based on the record as a whole.

imaging results generally did not show severe conditions, treatment was conservative, and Mr. Smith did not always follow his doctors' recommendations, which indicates that his condition was not as disabling as he may contend. He could perform a variety of daily activities. The RFC for light work was supported by the record.

     Mr. Smith argues that the ALJ failed to resolve an apparent conflict between the DOT and the VE testimony. He says that three out of the six jobs identified by the VE require frequent overhead reaching, which is more than the restriction than the limitation to occasional overhead reaching in the RFC. Before relying on VE evidence to support a determination that a claimant is not disabled, the ALJ has an affirmative responsibility to ask about "any possible conflict" between VE testimony and the DOT, and to obtain an explanation for any such conflict. *Renfrow v. Colvin*, 496 F.3d 918, 920-21 (8th Cir. 2007); see Social Security Ruling ("SSR") 00-4p, 2000 WL 1898704 (Dec. 4, 2000). In this case, the VE identified the possible conflict between the overhead reaching requirement in the RFC and in the jobs identified and said, based on her experience, the jobs, as actually performed, would not require frequent overhead reaching. (Tr. at 84) This is sufficient to resolve the apparent conflict. *Yeley v. Berryhill*, 2018 U.S. Dist. LEXIS 154465 (E.D. Mo. Sept. 11, 2018)(ALJ properly relied on VE's response that "in his experience" the claimant could perform the jobs identified); *Mobley v. Saul*, CASE NO: 3:19-CV-00198-JTR (E.D. Ark. July 29, 2020). The ALJ considered the conflict and

the VE's response, and she addressed it at the end of her decision. (Tr. at 54) She met her burden at step five.

## IV. Conclusion:

There is substantial evidence to support the Commissioner's decision to deny benefits. The RFC incorporated Mr. Smith's limitations, and the ALJ met her burden at step five. The finding that Mr. Smith was not disabled within the meaning of the Social Security Act, therefore, must be, and hereby is, AFFIRMED. Judgment will be entered for the Defendant.

IT IS SO ORDERED this 22nd day of December, 2020.

_____
UNITED STATES MAGISTRATE JUDGE